IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 18 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

MICHELLE D. DIEHL,                          )
                                            )    Civil Action No. 5:05CV00008
            Plaintiff,                      )
                                            )
v.                                          )    **MEMORANDUM OPINION**
                                            )
JO ANNE B. BARNHART,                        )
Commissioner of Social Security,            )    By:    Honorable Glen E. Conrad
                                            )           United States District Judge
            Defendant.                      )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Michelle D. Diehl, was born on July 21, 1961 and eventually earned a GED. Ms. Diehl has worked as a machine shop operator in a poultry plant, punch machine operator, sewing machine operator, and cashier. She last worked on a regular basis in 2003. On November 14, 2002, Ms. Diehl filed applications for disability insurance benefits and supplemental security income

benefits. She alleged that she became disabled for all forms of substantial gainful employment on October 1, 1998 due to alcoholism, attention deficit disorder, depression, severe neck and upper back pain, migraines, and stomach pain. She now alleges that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Ms. Diehl's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 29, 2004, the Law Judge also determined that Ms. Diehl is not disabled. The Law Judge found that plaintiff suffers from a back disorder, attention deficit hyperactivity disorder, depression, and anxiety disorder. Despite these impairments, the Law Judge ruled that plaintiff retains sufficient functional capacity to perform her past relevant work as a laborer in a poultry processing plant. Accordingly, the Law Judge ultimately concluded that Ms. Diehl is not disabled, and that she is not entitled to benefits under either federal program. See, generally, 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Diehl has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence

2

of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. While the medical record documents the existence of some physical problems, the court believes that the Administrative Law Judge properly determined that plaintiff's physical limitations do not prevent performance of the light work activity which was involved in Ms. Diehl's past relevant employment as a laborer in a poultry processing plant. Stated succinctly, while plaintiff has some degenerative disease process in her back, the objective medical studies and clinical findings do not reveal the existence of any back problems which could reasonably be expected to prevent performance of lighter work activity. Indeed, it is clear that plaintiff's claim of disability is premised primarily on her emotional problems. Plaintiff has suffered from attention deficit hyperactivity disorder for most of her life. As an adult, she has developed depression and anxiety. While a treating psychiatrist completed a form so as to indicate that plaintiff's depression and anxiety are disabling, the court believes that the Administrative Law Judge reasonably relied on clinical findings and office notes in concluding that the form is overstated. The court finds substantial evidence to support the Law Judge's determination that plaintiff's nonexertional impairments are not so severe as to prevent performance of past relevant work activity.

Bernard Karr, a licensed professional counselor, submitted a report on February 20, 2003, describing his interaction with Ms. Diehl since April 9, 2002. Mr. Karr saw plaintiff in conjunction with Dr. Nicholas McClean-Rice, a psychiatrist, who signed off on Mr. Karr's report. Mr. Karr

3

listed diagnoses of major depressive disorder, post-traumatic stress disorder, attention deficit hyperactivity disorder, and alcohol/drug dependence in full remission. As of the date of the report, Mr. Karr indicated that the plaintiff was exhibiting healthy attitudes and fairly healthy behavior patterns. The counselor described plaintiff's mental status as satisfactory, though he noted that plaintiff struggles with major depression. For example, Mr. Karr indicated that plaintiff was doing better with her orientation, mood, memory, attention span, concentration, and judgment. While he considered Ms. Diehl to be emotionally crippled, the counselor concluded that plaintiff is "much healthier than she used to be." (TR 132). Based on this report, a state agency psychologist completed a mental functional capacity assessment which indicates that plaintiff has some work-related limitations, but is otherwise able to function in a work setting.

Ms. Diehl continued under the care of Dr. McClean-Rice. Dr. McClean-Rice's contact notes indicate that Ms. Diehl remained stable with medication in the months following Mr. Karr's report. During 2003 and extending to mid-2004, the psychiatrist saw plaintiff approximately every four weeks. Dr. McClean-Rice noted no overt signs of depressive symptomatology, and he related that Ms. Diehl was able to function during counseling sessions. Dr. McClean-Rice adjusted plaintiff's medication, which he originally thought was "too high." (TR 168).

On August 16, 2004, Dr. McClean-Rice submitted a statement of plaintiff's mental ability for work-related activities. The psychiatrist listed findings which indicate disabling impairments based on "severe ADHD, as well as anxiety and depressive disorders." (TR 175).

The Administrative Law Judge found that Dr. McClean-Rice's mental health assessment, which the Law Judge believed had actually been filled out by LPC Karr, was not supported by the treatment notes or the earlier assessments of plaintiff's work-related emotional limitations. (TR 17).

4

The Law Judge noted that the office notes completed by Dr. McClean-Rice certainly did not identify any remarkable manifestations of depression or anxiety, and that the psychiatrist did not indicate that plaintiff would be incapable of performing work-related activity. Indeed, the Law Judge observed that on July 22, 2004, the psychiatrist reported that plaintiff "doesn't have a job currently," but did not suggest that Ms. Diehl could not work.

The court is constrained to conclude that the Law Judge's reasoning in discounting Dr. McClean-Rice's work-related mental health assessment is supported by substantial evidence. The simple fact is that Ms. Diehl has neither received nor required intensive psychiatric treatment. There is every reason to believe that she has responded well to medication and counseling, and that her condition has improved with regular monitoring. Indeed, Mr. Karr reported as much in his assessment of February 20, 2003. Moreover, it would seem that Ms. Diehl has functioned with the same set of impairments throughout her adult life. The mental health reports strongly suggest that her depression is situational, at least in part, and that she has never required hospitalization for treatment of psychiatric disorder. Given such circumstances, the court is simply unable to conclude that the Law Judge's assessment is without factual support. The court finds substantial evidence to support the Law Judge's determination that plaintiff's emotional problems have not yet progressed to the point as to render her disabled for the lighter forms of work activity in which Ms. Diehl previously engaged. It follows that the Commissioner's final decision denying benefits in this case must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Diehl is free of all pain and emotional dysfunction. Indeed, the record establishes that plaintiff does experience some back problems which can be expected to limit her performance of heavier forms

5

of work activity. Moreover, it is clear that Ms. Diehl had a very difficult childhood, and that she may experience problems of longstanding duration which are associated with unfortunate incidents in her earlier life. However, the fact remains that plaintiff has functioned reasonably well with the intervention of the mental health specialists. It must be recognized that the inability to do work without any subjective discomfort or emotional symptomatology does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). In the instant case, it is clear that the Administrative Law Judge considered plaintiff's physical and emotional impairments, based on the Law Judge's questioning of the vocational expert at the administrative hearing. Even assuming the moderate limitations found by the state agency psychologist, the vocational expert opined that plaintiff could be expected to return to her past relevant work in the poultry industry. It appears to the court that the Administrative Law Judge thoroughly weighed all the evidence of record in assessing plaintiff's pain and emotional problems, and in adjudicating her entitlement to benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This _17th_ day of November, 2005.

_____
United States District Judge